IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILBERT REYES,<br><br>   Plaintiff<br><br>   v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>   Defendant | CIVIL NO. 10-1660 (JP) |

**OPINION AND ORDER**

   Before the Court is a motion to dismiss (**No. 11**) for lack of subject-matter jurisdiction filed by Defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver of R-G Premier Bank of Puerto Rico ("R-G"). Said motion is unopposed (No. 14). For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

**I.**

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

   Plaintiff Wilbert Reyes ("Reyes") allegedly began working at R-G on December 30, 1991 as a manager of the Bayamon branch. Reyes allegedly performed his job satisfactorily by complying and surpassing all the goals assigned by R-G. By 1994, Plaintiff was made manager of the San Patricio branch. Reyes alleges that, in April 2001, he was promoted to Commercial Credit Vice President of R-G. In

CIVIL NO. 10-1660 (JP)            -2-

said position, Plaintiff supervised all managers regarding commercial credit. In 2004, Reyes was placed in charge of the metropolitan zone. On or around 2007, the Commercial Credit Department was restructured but Plaintiff remained the Vice President of the metropolitan zone. During his time with R-G, Reyes was allegedly always acknowledged for his good performance.

Plaintiff alleges that, on November 6, 2009, he was summoned to a meeting with Roberto Cordova ("Cordova"), Senior Vice President of Special Loans and Construction. Cordova informed Plaintiff that his services were no longer required, but allegedly Cordova could not answer Plaintiff's questions regarding the reasons for his termination. Reyes was simply informed that the Commercial Credit Department was being eliminated for economic reasons. Thereafter, Plaintiff met with Carmen Rodriguez, an employee in the Human Resources Department, who provided him with the same information as Cordova. At the time of the termination, the Commercial Credit Department had three other employees in addition to Plaintiff. Two out of the three employees held the same position as Plaintiff. However, those two individuals were not dismissed from their employment with R-G.

Plaintiff brought the instant action on February 8, 2010 in the Puerto Rico Court of First Instance alleging violations of Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §§ 185a *et seq.*, and Law 100

CIVIL NO. 10-1660 (JP)        -3-

of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq*. On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R-G and caused the FDIC to be appointed as receiver. As such, on June 15, 2010, the Court of First Instance of Puerto Rico entered an order substituting FDIC as the Defendant and real party in interest in place of R-G.

This case was removed to the United States District Court for the District of Puerto Rico on July 14, 2010 (No. 1). Based on the FDIC's appointment as receiver, the FDIC sent Plaintiff a letter informing him of his right to submit an administrative claim to the FDIC on or before August 4, 2010. Plaintiff timely filed a proof of claim. On September 30, 2010, the FDIC mailed to Plaintiff, by certified mail return receipt requested, the disallowance notice denying the claim. The instant motion was then filed on December 16, 2010.

**II.**

**LEGAL STANDARD FOR RULE 12(b)(1) MOTION**

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction.   Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

CIVIL NO. 10-1660 (JP)          -4-

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

### III.

### **ANALYSIS**

Defendant argues that the motion to dismiss should be granted because Plaintiff failed to comply with the mandatory procedural requirements of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The Court will now consider the Defendant's unopposed argument.

**A.   FIRREA**

When serving as receiver, the FDIC has authority under FIRREA to determine claims in accordance with the procedures established in 12 U.S.C. § 1821(d)(3)-(6). The FDIC is provided with 180 days to either allow or disallow claims which are timely filed with the FDIC. 12 U.S.C. § 1821(d)(5)(A)(i). The FDIC should allow claims which are proven to its satisfaction. Id. § 1821(d)(5)(B).

CIVIL NO. 10-1660 (JP)          -5-

When the FDIC disallows a claim, the claimant may proceed to file suit for such a claim or continue an action which was commenced prior to the appointment of the receiver in specific courts and in accordance with limitations periods provided for in 12 U.S.C. § 1821(d)(6). Specifically, said statute provides:

> (A) In general
>
> **Before the end of the 60-day period** beginning on the earlier of (i) the end of the [180 day termination] period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I), the claimant may . . . file suit on such claim (or **continue an action commenced before the appointment of the receiver**) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
>
> (B) Statute of limitations
>
> If any claimant fails to . . . file suit on such claim (or continue an action commenced before the appointment of the receiver), before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

Id. § 1821(d)(6)(A)-(B) (emphasis added).

Thus, within 60 days of receiving the notice of disallowance, claimant has to either file a new action in the appropriate federal

CIVIL NO. 10-1660 (JP)          -6-

court or "continue" an action that started prior to the appointment of the FDIC as receiver. To "continue" an action requires some affirmative act by the claimant. See, e.g., Lakeshore Realty Nominee Trust v. FDIC, 1994 WL 262913 at *1-2 (D.N.H. May 25, 1994) (dismissing case where Plaintiff did nothing to reactivate his claim); First Union National Bank of Florida v. Royal Trust Tower, Ltd., 827 F. Supp. 1564, 1567-68 (S.D. Fla. 1993).[1] Failure to comply with these requirement deprives courts of jurisdiction. See 12 U.S.C. § 1821(d)(13)(D).

After considering the argument, the Court agrees with Defendant. Plaintiff timely filed a proof of claim. The FDIC disallowed Plaintiff's claim on September 30, 2010.[2] Based on said disallowance, Plaintiff had 60 days to either start a new action in the appropriate federal court or "continue" with the instant suit that he filed prior to the FDIC being appointed as receiver for R-G. 12 U.S.C. § 1821(d)(6). The 60 day period expired on November 29, 2010.

Here, Plaintiff has not provided the Court with any information as to whether he timely filed a new action in federal court. Also,

---

[1] There is some case law suggesting that in order to "continue" an action there is no need to take affirmative action. See New Bank of New England, N.A. v. Callahan, 798 F. Supp. 73, 76 (D.N.H. 1992). However, after examining the other relevant case law on the matter, the Court finds the Callahan decision to be unpersuasive.

[2] It is important to note that the disallowance that was mailed to Plaintiff actually warned him of the consequences of not filing a new suit and not continuing his current suit within 60 days.

CIVIL NO. 10-1660 (JP)          -7-

Plaintiff took no action in this case until after the 60 day period had expired (No. 10). As such, the Court finds that Plaintiff's action fails since he did not comply with the 60 day statute of limitations provided for in 12 U.S.C. § 1821(d)(6).

**IV.**

**CONCLUSION**

Thus, the Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction. Accordingly, the Court will enter a separate Final Judgment dismissing the action.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of June, 2011.

                                                S/JOSE ANTONIO FUSTE
                                                 JOSÉ ANTONIO FUSTÉ
                                   UNITED STATES DISTRICT JUDGE